David R. Sugden, State Bar No. 218465
Scott P. Shaw, State Bar No. 223592
CALL, JENSEN & FERRELL
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel.: (949) 717-3000
Fax: (949) 717-3100
Dsugden@calljensen.com
Sshaw@calljensen.com

Attorneys for Defendant International Direct Group, Inc.

**COURTESY COPY**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LIVE NATION WORLDWIDE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> INTERNATIONAL DIRECT GROUP, INC., <br><br> Defendant. | Case No. CV08-02930 JFW (JWJx) <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER <br><br> **NOTE CHANGES MADE BY THE COURT** <br><br> Complaint Filed: May 5, 2008 <br> Trial Date: May 19, 2009 |

**GOOD CAUSE FOR THIS ORDER:** This action involves claims of trademark infringement (and related claims) against Defendant International Direct Group, Inc. ("Defendant") by Plaintiff Live Nation Worldwide, Inc. ("Plaintiff"). In connection the claims and defenses in this case, each party has requested and/or intends to request the discovery of documents and information that is particularly sensitive, confidential and proprietary information relating to vendors, vendor prices, goods sold, internal

1 operating procedures, internal operating expenses associated with particular goods,
2 operating margins, gross and net profits and the like.

3     Defendant contends that the garment business is a competitive business in which
4 the prices at which companies are able to procure goods and keep operating costs low
5 are very important. Defendant contends the disclosure of such non-public information
6 to other companies would give those companies a competitive advantage to which they
7 are not lawfully entitled. Defendant contends they have good cause to protect the
8 confidentiality of their purchases, sales, and operating information from the public and
9 other companies. As this type of confidential sales and operating information is not
10 ordinarily available to other companies, including manufacturers, distributors, vendors,
11 and retailers, Defendant contends that this information requires special protection from
12 disclosure pursuant to F.R.C.P. 26(c) to the extent relevant to this case.

13     Additionally, Plaintiff contends that all facets of its business, including the use
14 and exploitation of its trademarks with regard to clothing, entertainment services, and
15 all forms of marketing and advertising, implicate highly competitive industries.
16 Plaintiff contends that disclosure of non-public information, including its business
17 plans, advertising strategies, sales information, expenses, and other operating
18 information would place its competitors at a competitive advantage that is not ordinarily
19 available to such competitors, and to which such competitors have no lawful
20 entitlement. Plaintiff contends on this basis that it has good cause to protect the
21 confidentiality of its business plans, advertising strategies, sales information, expenses
22 and other operating information from disclosure to the public, and that such information
23 requires special protection from disclosure pursuant to F.R.C.P. 26(c) to the extent
24 relevant to this case.

25     WHEREAS Plaintiff and Defendant having stipulated to the following provisions
26 herein and having requested that the Court issue a protective order pursuant to Fed. R.
27 Civ. P. 26(c) to protect the confidentiality of confidential, competitively sensitive and/or
28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

IDG02-01:

- 2 -

[PROPOSED] STIPULATED PROTECTIVE ORDER

proprietary information, that may need to be disclosed to adversary parties in connection with discovery in this case; and

WHEREAS the parties have further consented to the form of this Order and stipulated that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED that any person or party subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. Any person or party subject to this Order who receives from any other person or party any information of any kind provided in the course of discovery in the action ("Discovery Material") that is designated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" pursuant to the terms of this Order (hereinafter, the "Confidential Information" or "Confidential Discovery Material") shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder. "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall only include information which the designating party in good faith believes will, if disclosed, have the effect of causing harm to its competitive position. "Confidential" and/or "Confidential/Attorneys' Eyes Only" material shall not include information that (a) was, is or becomes public knowledge, not in violation of this Protective Order or any other obligation of confidentiality, or (b) was or is acquired from a third party having no direct or indirect obligation of confidentiality to the designating party.

2. The person or party disclosing or producing any given Discovery Material may designate as "Confidential" or "Confidential/Attorneys' Eyes Only" such portion of such material as consists of:

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

IDG02-01:
- 3 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

      a) any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins);

      b) any business or financial information that is confidential, proprietary or commercially sensitive to third parties who have had business dealings with parties to this action; or

      c) any other category of material or information hereinafter given Confidential status by the Court.

3. With respect to the Confidential portion(s) of any Discovery material other than deposition transcripts and exhibits and other proceedings of record, including trial, the producing person or party or that person's or party's counsel may designate such portion(s) as "Confidential" or "Confidential /Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential/Attorneys' Eyes Only" the protected portion(s) in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts and exhibits and other proceedings of record, including trial, a producing person or party or that person or party's counsel may indicate on the record that a portion of the proceedings, including exhibits related thereto, contains Confidential Information, in which case the transcript of the designated testimony or portion of the proceedings shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. A producing person or party or that person or party's counsel may also by written notice sent by counsel to the signatories hereto within thirty (30) days after receiving a copy of the transcript of any such proceeding, direct that the legend "Confidential Information Governed by Protective Order" be affixed to the first page, and each page designated in the written notice, of the original and all copies of the transcript containing any "Confidential" or "Confidential/Attorneys' Eyes Only" material.

4. **DOCUMENTS UNDER SEAL:** The parties acknowledge that this Stipulation creates no entitlement to file confidential information under seal. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file materials under seal. Without written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a party may not file in the public records in this action any Protected Material. Accordingly, at any time prior to trial of this action, any party wishing to submit to the Court documents, information, or transcripts of deposition testimony that have been designated by any party as "Confidential" or "Confidential/Attorneys' Eyes Only" must submit an application to do so in accordance with Local Rule 79-5.1 and must submit such confidential documents, information or transcripts under seal.

5. If at any time prior to the trial of this action, a producing person or party realizes that some portion(s) of Discovery Material that that person or party previously produced without limitation should be designated as "Confidential" and/or "Confidential /Attorneys' Eyes Only", he may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" under the terms of this order.

6. No person or party subject to the Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential" to any other person whomsoever, except to:

   (a) the parties to this action and Protective Order, including their employees and former employees;

   (b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

  (c) its author, its addressee, and any other person indicated on the face of the document as having received a copy;

  (d) any person retained by a party to serve as an expert witness or otherwise providing specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  (e) stenographers engaged to transcribe depositions conducted in this action and their support personnel; and

  (f) the Court and its support personnel;

  (g) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraph 6(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. No person or party subject to this Order other than the producing person or party shall disclose any of the Discovery Material designated by the producing person or party as "Confidential/Attorneys' Eyes Only" to any other person whomsoever, except to:

  a) in-house attorneys for the party receiving the Discovery Material and outside attorneys retained specifically for this action, and employees of each such

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

IDG02-01: - 6 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

attorneys to whom it is reasonably necessary to disclose such Confidential Discovery Material;

  b) outside experts and outside consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by a party or its attorneys for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation and to whom it is reasonably necessary to disclose such Confidential Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

  c) the party producing said documents and persons affiliated with the party producing said documents, including the producing party's employees and former employees (provided such former employee has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto), during the time they are testifying in deposition or at trial, or in connection with written discovery requests;

  d) Any employee or agent of any sender or recipient of the document (e.g. where a Purchase Order from Company A to Company B is produced in litigation by Company A, said document may be disclosed to employees or agents of Company B under the terms of this Protective Order).

  e) stenographers engaged to transcribe depositions conducted in this action;

  f) the Court and its support personnel and/or

  g) as required by law or court order upon notice to the designating party sufficiently in advance of such disclosure to permit it to seek a protective order.

  9. All designations of confidential material in this case must be made in good faith. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as in camera review in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person or party a written notice stating with particularity the

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

IDG02-01: - 7 -
[PROPOSED] STIPULATED PROTECTIVE ORDER

grounds of the objection or request. If agreement cannot be reached promptly, counsel for the objecting party may seek appropriate relief from the Court in accordance with Local Rule 37 and the party asserting confidentiality shall have the burden of providing same.

10. Entering into, agreeing to and/or producing or receiving Confidential Material or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of any party to object to the production of any material it considers not subject to discovery or to challenge any objection asserted by any other party.

11. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including all appeals, all Discovery Materials designated as "Confidential," and/or "Confidential/Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person or party (at the producing person's expense), or shall be destroyed.

12. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. The Court and its personnel shall not be subject to the terms of this provision.

13. Documents designated "Confidential" and/or "Confidential/Attorneys' Eyes Only" may be used by any party without limitation at trial. However, any party who wishes to have such documents treated as "Confidential" and/or "Confidential/Attorneys' Eyes Only" may renew their request for confidentiality before the trial judge at the status conference and/or through a motion *in limine*.

IT IS SO STIPULATED:

Dated: September 24, 2008

CALL, JENSEN & FERRELL
A Professional Corporation
David R. Sugden
Scott P. Shaw


By: /s/ Scott P. Shaw
    SCOTT P. SHAW

Attorneys for Defendant


Date: September 24, 2008

KEATS McFARLAND & WILSON LLP
Larry W. McFarland
Christian C. Dowell
Christopher Varas


By: /s/ Christopher Varas
    CHRISTOPHER VARAS

Attorneys for Plaintiff

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: October 3, 2008

Jeffery W. Johnson
United States Magistrate Judge

# EXHIBIT A
# NON-DISCLOSURE AGREEMENT

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Live Nation Worldwide, Inc. v. International Direct Group, Inc.,* Case No. CV 08-02930 JFW (JWJx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____

# Discovery Requests

2:08-cv-02930-JFW-JWJ Live Nation Worldwide Inc v. International Direct Group, Inc. (JWJx), AO120, DISCOVERY, MANADR

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Shaw, Scott on 9/30/2008 at 9:19 AM PDT and filed on 9/30/2008
**Case Name:** Live Nation Worldwide Inc v. International Direct Group, Inc.
**Case Number:** 2:08-cv-2930
**Filer:** International Direct Group, Inc.
**Document Number:** 22

**Docket Text:**
**Joint REQUEST for Protective Order for Confidentiality of Discovery Materials filed by Defendant International Direct Group, Inc.. (Attachments: # (1) Certificate of Service)(Shaw, Scott)**

**2:08-cv-2930 Notice has been electronically mailed to:**

Christian C Dowell    cdowell@kmwlaw.com

Christopher Theodore Varas    cvaras@kmwlaw.com

Larry W McFarland    lmcfarland@kmwlaw.com

Scott P Shaw    sshaw@calljensen.com, kdominick@calljensen.com

**2:08-cv-2930 Notice has been delivered by First Class U. S. Mail or by fax to: :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** C:\Documents and Settings\mkd\Desktop\Cases (Temporary)\IDG02-01\[Proposed] Stipulated Protective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/30/2008] [FileNumber=6574023-0]
[a8622d52ae6bfc3f7ff1e0560dae8bd3c0191b1c335423f32b1f0e3361854e876205
d72dfd06842e75f43d9f9a30761002e2d87fc9635b70141d94f9f1a627d3]]
**Document description:** Certificate of Service
**Original filename:** C:\Documents and Settings\mkd\Desktop\Cases (Temporary)\IDG02-01\[Proposed] Stipulated Protective Order - Certificate of Service.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=9/30/2008] [FileNumber=6574023-1]
[3d36739da213672a109481f3b7088baa3b625e8e05d4292fa478e1f14d66602889ec
1bc7b75e0dbbdfe9fd95a772161a0b465d70e42a2961d289896994686259]]